Before the Judicial Panel
on Multidistrict Litigation

In re Rhonda Fleming
       Petitioner

MDL No. _____

Motion for Transfer of Action to
Single District for Consolidated
and Coordinated Pre-Trial Proceedings
(28 USC Section 1407)

1. Relief Sought: All federal prisoners that are medically vulnerable to COVID-19, should be reviewed under the same criteria as the federal prisoners at FCC Lompoc in Torres v. Milusnic, No. CV20-4450-CBM-PVC(x), per the court order of the Honorable Judge Consuelo B. Marshall on July 14, 2020.

2. Schedule of Cases to be transferred:

Rhonda Fleming v. Warden Strong
No. 4:20-cv-212-AW-EMT
(N.D. Florida 2020) Pensacola Division

- 1 -

Stacey Shanahan v. Warden Strong
No. 4:20-cv-00267
(N.D. Florida 2020) Tallahassee Div.

Barbara Lee v. Warden Strong,
No. 4:20-cv-329
(N.D. Florida 2020) Pensacola Div.

3. There are 25-30 additional cases in the Tallahassee and Pensacola Divisions. There are thousands of cases from California to New York. The Petitioner is proceeding pro see with limited access to the law library and other legal resources.

4. There is a common issue of law and fact. All Bureau of Prisons inmates with medical conditions similar to those of inmates in custody at FCC Lompoc have been denied transfer to home confinement. Judge Marshall grant class certification and a preliminary injunction which detailed the actions taken by Warden Milusnk, as directed by the

-2-

Central Office, in Washington, DC, but did not stop the spreading of the virus. We now have over 130 deaths of inmates, many drug and white-collar offenders, in overcrowded prisons. The wardens throughout the Bureau of Prisons, like mayors and governors, did their best, however, ultimately only social distancing stops the spreading of the virus. The only way to stop the spreading of the virus in federal prisons, nationwide, is to: 1) transfer to home confinement inmates that are medically vulnerable <u>and</u> do not pose a threat to the public; 2) transfer to home confinement non-violent offenders to allow for social distancing those who do pose a threat to the public.

5. The likely outcome if the court order in the Torres v. Milusnic case is not applied nationally, would be inconsistent denial of transfers to home confinement;

2) additional COVID-19 cases; 3) more deaths from the virus; and, 4) the likelihood of correctional staff transmitting the virus to their communities.

6. The benefits of consolidation of all claims include: 1) saving judicial resources; 2) saving DOJ resources; 3) reducing the strain on Health Services in the prison, (an area already short of staff); and, 4) allowing prison to provide social distancing.

7. The choice of forum is the Central District of California because this is the second federal district court to order the BOP to release inmates to home confinement because the prison was not preventing the spread of the virus.

8. Due to the virus and a shortage of employees, this Motion is primitive, in comparison to the Panel usually reviews.

-4-

The Petitioner cites Flores v. Reno, No. 85-45-44-RJK-PX (C.D. Cal Jan. 1997), known as the Flores Settlement Agreement, which is recognized nationwide for its policy for the detention, release, and treatment of all minors who are detained in legal custody in the United States. See, Flores v. Sessions, 862 F.3d 863, 870 (9th Cir. 2017. The BOP issued nationwide guidance that failed, therefore federal prisoners need nationwide protection from the federal courts.

9. The Petitioner has performed services to the following parties, by the electronic filing of this document by U.S. District Clerks in all districts listed:

Torres v. Milusnic
No. CV-20-4450-CBM-PVC Cx
Central District of California

-5-

Rhonda Fleming v. Warden Strong
No. 4:20-cv-212-AW-EMT
(N.D. Florida 2020)

Barbara Lee v. Warden Strong
N. 4:20-cv-329
(N.D. Florida 2020)

Stacy Shanahan v. Warden Strong
No. 4:20-cv-00267
(N.D. Florida 2020)

    Copies have been provided to the Movants in the Lee and Shanahan cases, in person.

Respectfully Submitted,

*Rhonda Fleming*, 11/4/2020
Rhonda Fleming
#20446-009
FCI-Tallahassee
PO Box 5000
Tallahassee, FL 32314

- 6 -